DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Raymond A. Smith, appeals from the decision of the Lorain County Court of Common Pleas which denied his motion to file a second petition for post-conviction relief, pursuant to R.C. 2953.21. We affirm.
 {¶ 2} On March 8, 1995, Defendant was indicted by the Lorain County Grand Jury on one count of aggravated murder, in violation of R.C.2903.01(A), a felony in the first degree, with two (2) specifications: firearm, R.C. 2941.141; and aggravating circumstances, R.C. 2929.04(A)(8). A jury trial commenced on November 28, 1995, and the jury found Defendant guilty of all charges on December 5, 1995. Following a mitigation hearing, Defendant was sentenced to death, plus a three-year term of incarceration for the firearm specification, which was ordered to run consecutively.
 {¶ 3} Defendant filed his first notice of appeal on February 2, 1996. This Court upheld Defendant's conviction and sentence in State v. Smith
(March 25, 1998), 9th Dist. No. 96CA006331. The Ohio Supreme Court subsequently affirmed Defendant's conviction and sentence in State v.Smith (2000), 87 Ohio St.3d 424.
 {¶ 4} On January 25, 1997, Defendant filed his first petition for postconviction relief with the Lorain County Court of Common Pleas. Thereafter, Defendant amended his petition three times, on January 27, 1997, January 28, 1997, and February 28, 1997. Defendant's first petition for post-conviction relief was denied on June 29, 1998, and Defendant appealed. This Court again affirmed the trial court's decision in Statev. Smith (Mar. 15, 2000), 9th Dist. No. 98CA007169.
 {¶ 5} Defendant filed a second petition for post-conviction relief on March 15, 2000. On the face of this petition, Defendant admitted he failed to meet the criteria of R.C. Chapter 2953. On February 8, 2002, Defendant amended his March 15, 2000, petition and also filed a motion for leave to conduct additional discovery in connection with his second petition.
 {¶ 6} On July 13, 2004, the trial court dismissed Defendant's second petition for post-conviction relief, as well as the amendment to the second petition and motion for additional discovery, both dated February 8, 2002. Defendant appealed to this Court again on August 9, 2004, raising three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred when it denied the claim for declaratory relief that R.C. 2953.21(A)(2) [sic] is unconstitutional on its face and as applied to [Defendant]."
 {¶ 7} In his first assignment of error, Defendant asserts that the trial court erred on July 13, 2004, when it summarily dismissed his post-conviction petitions, amendments and motion filed March 15, 2000, and February 8, 2002, respectively. Defendant believes that the trial court should have addressed his claim for declaratory relief and whether R.C.2953.23(A)(2) was constitutional on its face, and as it applied to him. Specifically, Defendant asserts R.C. 2953.23(A)(2) violates the Supremacy Clause, the doctrine of separation of powers, and the "due course of law" and "open courts" provisions of the Ohio Constitution. Defendant also argues that, "as a consequence of his poverty and of state action," he was denied access to trial transcripts which established an individual constitutional violation of his rights. We disagree.
 {¶ 8} Ohio courts have also consistently held that "R.C. 2953.23(A)(2) is constitutional and does not violate the Supremacy Clause, the Doctrine of Separation of Powers, the `due course of law' or the `open courts' provisions of the Ohio Constitution." State v. Taylor, 8th Dist. No. 80271, 2002-Ohio-2742 at ¶ 13. See, also, State v. Davie (Dec. 21, 2001), 11th Dist. No. 2000-T-0104; State v. Byrd (2001);145 Ohio App.3d 318; State v. McGuire (Apr. 23, 2001), 12th Dist. No. CA2000-10-011, at 25, stating:
"We therefore conclude that R.C. 2953.53(A)(2) complies with the supremacy clause, with the doctrine of separation of powers, and with the `open courts' and `due course of law' provisions of both the Ohio and the United States Constitutions. It is facially constitutional."
Based on the numerous holdings by other Ohio courts, it is this Court's finding that R.C. 2953.23(A)(2) is not unconstitutional.
 {¶ 9} Additionally, the doctrine of res judicata bars Defendant's claims that R.C. 2953.23 is unconstitutional. The Ohio Supreme Court has stated:
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.)State v. Perry (1967), 10 Ohio St. 2d 175, at paragraph nine of the syllabus.
As the trial court pointed out, Defendant raised issues in his second petition for post-conviction relief that were raised or could have been raised on direct appeal of his conviction, or in his first petition for post-conviction relief. This Court also notes that Defendant was represented by counsel throughout his trial and during the stages of his appeals. Thus, Defendant could have raised such issues in his first petition for post-conviction relief.
 {¶ 10} Based on the numerous holdings throughout Ohio courts, it is clear Defendant's assertions that R.C. 2953.23(A)(2) is unconstitutional are meritless, both facially and as applied to him. Moreover, his claims could have been previously raised and are barred by res judicata. We overrule his first assignment of error.
 ASSIGNMENT OF ERROR II
"The trial court erred in failing to hold a hearing on [Defendant's] claims, thus violating his rights under the Fifth, Sixth, Eighth, Ninth
and Fourteenth Amendments to the United States [Constitution], and Article I, Sections 1, 2, 9, 10, 16 and 20 of the Ohio Constitution."
 {¶ 11} Regarding his second assignment of error, Defendant claims that he "properly pleaded and supported most of his claims for relief in such a matter that it was not appropriate for the trial court to terminate the litigation." Specifically, Defendant asserts that his amended petition set forth twelve substantive claims for relief, thus entitling him to a hearing. We disagree.
 {¶ 12} R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. R.C. 2953.21(A)(2) states:
"Except as otherwise provided in [R.C.] 2953.23, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."
 {¶ 13} The court lacks jurisdiction to hear an untimely appeal for postconviction relief unless the elements of R.C. 2953.23(A) have been met. State v. Nixon, 9th Dist. No. 02CA008148, 2003-Ohio-1476, at ¶ 10;State v. McGee, 9th Dist. No. 01CA007952, 2002-Ohio-4249, at ¶ 9. Under that statute, the defendant must first show that either (1) he was "unavoidably prevented from discovery of the facts" upon which his petition relies, or (2) that the United States Supreme Court recognized a new applicable, retroactive federal or state right. R.C. 2953.23(A)(1)(a). The defendant must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C.2953.23(A)(1)(b).
 {¶ 14} Defendant filed his first petition for post-conviction relief on January 25, 1997, which was subsequently amended on January 27, 1997, January 28, 1997 and February 28, 1997. The petition was denied on June 28, 1998, and this Court affirmed the trial court's decision. Defendant then filed a second petition for post-conviction relief on March 15, 2000, which he amended on February 8, 2002. However, the March 15, 2000, petition and its February 8, 2002, amendment failed to meet the guidelines of R.C. 2953.21. This Court finds that Defendant's petition was not timely filed pursuant to R.C. 2953.21.
 {¶ 15} Defendant's petition also fails to meet the criteria established under R.C. 2953.23(A). In his first petition, Defendant did not establish that he was unavoidably prevented from discovering the facts that he presented in his claims for relief. The trial court correctly denied Defendant's second petition, and the issues he raised in his second petition were issues that could have been raised in his first petition for post-conviction relief. This Court does not find that the trial court erred when it denied Defendant's second petition and terminated the litigation. Such a decision by the trial court also did not violate Defendant's rights under the U.S. Constitution and Ohio Constitution.
 {¶ 16} This Court will not conclude that the trial court erred when it found Defendant's petition was not timely filed in accordance with R.C.2953.21 and did not meet the statutory requirements of R.C. 2953.23(A). Accordingly, Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court erred in failing to afford [Defendant] the assistance of experts and discovery in violation of his rights under the Fifth,Sixth, Eighth, Ninth and Fourteenth Amendments to the United States [Constitution], and Article I, Sections 1, 2, 9, 10, 16 and 20 of the Ohio Constitution."
 {¶ 17} In his third assignment of error, Defendant argues that he was denied due process of law when the trial court failed to appoint a jury composition expert and denied his request for additional discovery. We disagree.
 {¶ 18} On February 8, 2002, Defendant filed a motion "requesting funding to employ National Jury Project/Midwest to conduct a composition evaluation of the Lorain County Jury Pool in 1995." Defendant believes this study regarding the jury pool would establish an ineffective assistance of counsel claim in the failure to challenge the composition of the venire. The trial court denied this motion in a journal entry dated March 1, 2002. In the same motion, Defendant also asserts that the trial court's failure to permit Defendant to "utilize discovery devices" in accordance with the Civil Rules denied him the opportunity to bolster his claims detailed in the second petition for post-conviction relief, thus denying him due process of law. The trial court did not specifically rule on this issue, as it did regarding the request for a jury composition evaluation, but entered final judgment in favor of the State on July 13, 2004.
 {¶ 19} As we discussed in Defendant's first assignment of error, the doctrine of res judicata may bar further litigation in criminal matters where issues were previously raised, or could have been raised in a previous appeal. Perry, 10 Ohio St.2d 176. Here, the ineffective assistance of counsel claim that Defendant raised in his second petition was previously asserted. As Defendant was represented throughout his trial and during his appeals, the trial court was not obligated to appoint an expert for him to pursue a claim that he had previously raised. Additionally, this Court stated in State v. Smith (March 15, 2000), 9th Dist. No. 98CA007169, at 6, that we knew of no authority indicating a defendant had a right to the assistance of experts while pursuing a petition for post-conviction relief. As we discussed in Smith,
although "[a] petitioner facing the death penalty has a statutory right to counsel to pursue post-conviction relief, [as detailed by] R.C.2953.21(I), there is no corresponding statutory right to the assistance of experts." Id. at 6.
 {¶ 20} Furthermore, this Court has repeatedly held that there is no right to conduct discovery in post-conviction proceedings. State v.Benner (Aug. 27, 1997), 9th Dist. No. 18094, at 4, quoting State v.Cooey (May 25, 1994), 9th Dist. Nos. 15895, 15966. In Cooey, we stated:
"An action for postconviction relief based upon a petition to vacate or set aside sentence is a civil action. The procedures applicable to such an action, however, are those found in [R.C.] 2953.21. [R.C.] 2953.21 does not provide for discovery." (Internal citations omitted.)
 {¶ 21} We conclude that the trial court properly dismissed Defendant's motion for an expert regarding the venire composition and for additional discovery. As R.C. 2953.21 does not provide for discovery during post-conviction relief proceedings, and the issue regarding expert assistance was barred by res judicata, we overrule Defendant's third assignment of error.
 {¶ 22} We overrule Defendant's assignments of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J., concur.