DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the December 30, 2004 judgment of the Lucas County Court of Common Pleas, which dismissed the petition for postconviction relief filed by appellant, Troy Matthew Tenace. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "No. I THE TRIAL COURT ERRED BY DISMISSING APPELLANT'S POSTCONVICTION PETITION, WHERE HE PRESENTED SUFFICIENT OPERATIVE FACTS AND SUPPORTING EXHIBITS TO MERIT, AT MINIMUM, DISCOVERY AND AN EVIDENTIARY HEARING.
 {¶ 3} "No. II OHIO'S POSTCONVICTION PROCEDURES DO NOT AFFORD AN ADEQUATE CORRECTIVE PROCESS OR COMPLY WITH DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTHEENTH AMENDMENT.
 {¶ 4} "No. III CONSIDERED TOGETHER, THE CUMULATIVE ERRORS SET FORTH IN APPELLANT'S SUBSTANTIVE GROUNDS FOR RELIEF MERIT REVERSAL OR REMAND FOR A PROPER POSTCONVICTION PROCESS."
 {¶ 5} Appellant was convicted of aggravated robbery and murder and sentenced to death on September 30, 1999. His sentence was later affirmed by this court of appeals in a decision and judgment entry dated June 30, 2003. On September 5, 2000, while the appeal was pending, appellant, through appointed counsel, filed a petition for post-conviction relief pursuant to R.C.2953.21. Appellant amended his petition, pro se, on September 13, 2000, September 22, 2000, March 19, 2002, April 12, 2002, and May 22, 2002. On October 22, 2002, the court permitted appellant to proceed pro se and to amend his petition to add claims for relief.
 {¶ 6} The state filed a motion for summary judgment/motion to dismiss the petition on May 1, 2001. On December 3, 2002, the Ohio Public Defender's office entered an appearance on appellant's behalf. On December 30, 2004, the trial court dismissed the petition without a hearing. The trial court found that the claims were either barred by the doctrine of res judicata, lacked merit, were unsupported by the evidence attached to the petition, or were not cognizable in a postconviction relief proceeding.
 {¶ 7} Because the trial court's decision involves questions of fact and questions of law, we review the court's decision under a mixed standard of review. State v. Hoffner, 6th Dist. No. L-01-1281, 2002-Ohio-5201, at ¶ 6. We review the factual issues under a manifest weight of the evidence standard. We review the legal issues under a de novo standard. Id.
 I. {¶ 8} In his first assignment of error, appellant argues that the trial court erred by dismissing appellant's petition when he submitted sufficient operative facts and supporting evidence outside the record to merit at least further discovery and an evidentiary hearing.
 {¶ 9} The initial burden of proof is on the petitioner to submit evidentiary documents containing sufficient operative facts to demonstrate there was "such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a) and State v. Calhoun (1999),86 Ohio St.3d 279, at paragraph two of the syllabus. The court need not hold an evidentiary hearing if it determines that there are no substantive grounds for relief. R.C. 2953.21(C) and Calhoun,
supra at 283.
 {¶ 10} Furthermore, claims that were either raised at trial or on direct appeal or could have been are barred from being raised again in a postconviction relief proceeding under the doctrine of res judicata. State v. Szefcyk (1996),77 Ohio St.3d 93, syllabus, and State v. Perry (1967),10 Ohio St.2d 175, at paragraphs seven and nine of the syllabus. Appellant argues that the issues in the case could not have been fully litigated on direct appeal because he relies upon evidence submitted with his petition that is outside the trial record. However, the mere existence of evidence outside the record is not enough. The evidence must demonstrate that the defendant could not have asserted the claim at trial or on appeal. State v.Cole (1982), 2 Ohio St.3d 112, 114, and State v. Lawson
(1995), 103 Ohio App.3d 307, 315. If the evidence existed at the time of trial, appellant should have submitted it at trial and made use of it. State v. Cook (Dec. 29, 1995), 1st Dist. No. C-950090, at 2. Finally, the allegation and supporting evidence outside the record must materially advance appellant's claim beyond a mere possibility that would warrant only further discovery. Cole, supra at 115, State v. Combs (1994),100 Ohio App.3d 90, 97, and Cook, supra.
 {¶ 11} We begin by reviewing appellant's claims for relief that involve claims of ineffective assistance of trial counsel.
 {¶ 12} To establish a claim of ineffective assistance of counsel, petitioner was required to demonstrate that his counsel's actions fell below an objective standard of reasonableness and that such action caused prejudice to appellant's case. Strickland v. Washington, 466 U.S. 668,687-689, and State v. Lott (1990), 51 Ohio St.3d 160, 174, certiorari denied (1990), 498 U.S. 1017. The objective standard of reasonableness is the prevailing professional norm. Id. at 688. Prejudice is proven by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different. Id. at 694; Statev. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus, certiorari denied (1990), 497 U.S. 1011; and State v.Noling, 98 Ohio St.3d 44, 2002-Ohio-7044, at ¶ 108, certiorari denied (2003), 539 U.S. 907. Because a court cannot second guess trial strategies and it has the benefit of hindsight, there is a strong presumption that appointed counsel acted in a competent manner. State v. Mason (1998), 82 Ohio St.3d 144, 157-158, quoting Strickland, supra at 689. Generally, when the action of the appointed counsel amounts to a trial tactic, it cannot later be used in a challenge that the trial counsel rendered ineffective assistance of counsel. State v. Longo (1982),4 Ohio App.3d 136, 139.
 {¶ 13} In a postconviction relief petition, the petitioner cannot rely upon general conclusory allegations that his trial counsel rendered ineffective assistance. State v. Jackson
(1980), 64 Ohio St.2d 107. The petitioner must demonstrate that there is evidence outside the record which supports his argument. Id. Otherwise, the petition may be dismissed on the grounds of res judicata. State v. Cole, supra.
 {¶ 14} In his first claim appellant argues that it was critical that the defense establish a connection between appellant's cocaine addiction and his inability to control his behavior. He argues that his trial counsel failed to investigate and failed to present evidence that was available to support this theory and failed to utilize an effective expert witness during the mitigation phase.
 {¶ 15} While the defense psychologist who testified knew of the connection between cocaine use and aggression, she was not qualified to discuss the medical aspect of the issue. She explained, however, the psychological chain of events to the jury. She stated that appellant's anxiety disorder led to substance abuse and, because appellant chose to use cocaine, he became more aggressive. She also explained that a person who uses cocaine is unlikely to run away from confrontation. The drug affects the fight or flight response so that users stay to fight rather than run away. Counsel also argued that there was such a connection. Appellant did not submit any further evidence supporting an application of the theory to this case.
 {¶ 16} The trial court made several findings regarding this claim. First, it found that none of the exhibits attached to the petition substantiated the claim that appellant's trial counsel had reason to believe that his expert witnesses were incompetent. Second, that trial counsel did present evidence during the mitigation phase to establish that appellant had a cocaine addiction and was "feigning" at the time of the murder. Third, that the decision not to pursue this theory may have been a deliberate trial strategy to avoid a battle of the experts during the mitigation phase. Fourth, that this type of additional mitigation evidence would not have altered the outcome of the mitigation hearing.
 {¶ 17} We agree with the trial court that appellant failed to present any evidence that supports his claim. The only evidence he submitted was an affidavit of a medical expert that attested that appellant exhibited a clear pattern of increased violence, which can be associated with his crack cocaine addiction. However, appellant's trial counsel was obviously aware of the connection between appellant's cocaine addiction and his violent behavior because he made this argument to the jury. He also had an expert testify as to the psychological impact of cocaine use.
 {¶ 18} Evidence submitted with the petition reveals that appellant had murdered another person in New York under somewhat similar circumstances. Appellant was hired for house repairs for a woman, who later complained that the work was not done properly. After she filed suit against appellant, he went to her home and murdered her. Because of the need to prevent the prosecution from introducing the New York murder into evidence to establish that appellant was killing people who interfered with his activities, it was a reasonable trial strategy to present the cocaine-induced violence defense less aggressively and allow the jury to apply the theory to appellant. Appellant did not submit any evidence that his appointed counsel could have advanced this defense more successfully in this particular case. Therefore, we find that appellant's claim of ineffective assistance is merely conjecture.
 {¶ 19} In his second claim for relief, appellant argued that his trial counsel was ineffective because he failed to obtain an expert who could do accurate testing and give comprehensible testimony during the penalty phase. The trial court found that this claim was not cognizable in a postconviction proceeding because appellant is guaranteed effective assistance of appointed counsel, not experts hired by counsel.
 {¶ 20} We find that appellant has failed to substantiate this claim that his trial counsel rendered ineffective assistance by selecting Dr. Ort. Appellant has presented no evidence that Dr. Ort was an incompetent expert witness. Without evidence to the contrary, we may also presume that trial counsel deliberately chose this expert to present the evidence that he believed would advance his defense strategy. While Dr. Ort did provide negative information regarding appellant, her overall testimony presented some mitigating evidence explaining how appellant's cocaine addiction and mental disorders played a part in the crime. The fact that there were other experts available to testify does not unequivocally demonstrate that trial counsel was ineffective for failing to call them.
 {¶ 21} In his fourth claim for relief, appellant argued that his trial counsel was ineffective because he failed to investigate, develop, and present evidence during the mitigation phase of the trial regarding appellant's undercover drug investigations with New York authorities. At the least, appellant argues, his counsel should have attempted to introduce, during the mitigation phase, evidence of appellant's drug informant activities and yet bar admission of the murder conviction, which the court had already found to be prejudicial. The trial court dismissed appellant's claim for the same reasons as it did for the first claim and also because it found this decision was a matter of trial strategy.
 {¶ 22} Appellant had knowledge of all of these events and was able to inform his trial counsel of these facts. The record reflects that trial counsel had knowledge of at least the prior offense because he sought a motion in limine to exclude evidence of the prior crime. The fact that mitigating evidence was available but not used is insufficient by itself to establish that appellant's trial counsel was ineffective because he did not utilize the evidence. State v. Post (1987), 32 Ohio St.3d 380,389, certiorari denied (1988), 484 U.S. 1079. While the evidence submitted with the petition appears on its face to be mitigating evidence, there could have been a negative aspect to the confidential informant activity that trial counsel sought to avoid. Without additional evidence, we presume that trial counsel made a deliberate trial strategy decision not to allow any of the New York evidence from being admitted into evidence. Trial counsel had an overriding concern in this case to keep the New York murder out of evidence, which, although apparently unrelated to the drug trade, occurred near the time appellant was acting as a confidential informant.
 {¶ 23} In his fifth and sixth[1] assignments of error appellant argued that his death sentence is void or voidable because Ohio's death penalty scheme violates federal and international law and that his trial counsel was ineffective for failing to raise this issue.
 {¶ 24} The trial court dismissed these claims based upon the doctrine of res judicata. We agree. Specific violations of federal and international law were raised on appeal and rejected by this court. The claim of ineffective assistance of counsel for failing to raise such issue would also be res judicata because it could have been asserted on appeal.
 {¶ 25} In his sixth[2] claim for relief, appellant asserted that his trial counsel rendered ineffective assistance by failing to investigate and present evidence regarding the link between appellant's low levels of serotonin and his violent behavior. Although appellant's counsel sought medical testing to determine appellant's serotonin levels, the trial court denied the motions. The trial court found that this claim failed for the same reasons as the first claim because there was no evidence that appellant had low serotonin levels at the time of the offense. Furthermore, the court found that other courts have rejected this defense.
 {¶ 26} Again, we find that the trial court properly found that appellant had failed to present any evidence that substantiated his claim. Attached to appellant's petition is an expert's opinion that the facts in this case suggest that appellant may have suffered from low serotonin levels. This affidavit only proves that there was another possible defense strategy available. The mere existence of an alternative theory of defense, however, is insufficient to establish ineffective assistance of counsel. State v. Combs (1994),100 Ohio App.3d 90, 103, and State v. Brewer (Sept. 18, 1994), 2d Dist. No. 93-CA-62, at 13.
 {¶ 27} Furthermore, the infringement upon appellant's rights must have occurred at the time of trial. The existence of newly discovered evidence alone regarding a mitigating factor cannot form the basis for relief unless it somehow connected to a constitutional infringement at the time of trial. State v.Powell (1993), 90 Ohio App.3d 260, 265, affirmed by (1994),70 Ohio St.3d 1407. Appellant argues that the connection in this case is that the expert's opinion implies that appellant probably has always had low serotonin levels and that his counsel failed to pursue this defense.
 {¶ 28} The record reflects that appellant's trial counsel sought the assistance of and relied upon the opinion of a medical experts for purposes of developing a defense. Appellant did not present any evidence that the experts relied upon were incompetent. Furthermore, trial counsel had to adopt a trial strategy that would exclude admission of the New York murder. Pursuing the theory that low serotonin levels caused appellant's violent behavior would have the same results as the cocaine-induced violence defense. Therefore, we find that appellant has not presented any evidence that his trial counsel's representation fell below the prevailing professional norm.
 {¶ 29} In his eighth[3] and eleventh claims for relief, appellant argues that his trial counsel rendered ineffective assistance by failing to investigate and present evidence relating to appellant's inability to formulate an intent to kill because of his mental deficits and crack-cocaine addiction. Appellant contends that he could not have litigated this issue on direct appeal because he relies upon evidence submitted with the petition for postconviction relief. The trial court dismissed these claims based upon the doctrine of res judicata.
 {¶ 30} While this court addressed the specific intent issue on direct appeal, we did not address the issue of whether appellant's appointed counsel rendered ineffective assistance by failing to investigate and develop a defense based upon appellant's inability to formulate a specific intent because of mental deficiencies or his drug addiction. Appellant presented evidence outside the record establishing that he has cocaine and alcohol addictions and some mental deficiencies. However, this type of evidence was available at the time of trial and was not utilized by defense counsel clearly for strategic reasons. Therefore, the specific intent issue is barred by the doctrine of res judicata.
 {¶ 31} In his twelfth claim for relief, appellant argues that his appointed trial counsel rendered ineffective assistance of counsel during the guilt and punishment phases of his trial in numerous ways. Some of the arguments appellant raises under this claim for relief are merely repetitive of other claims. However, he also argues that during the guilt phase of the trial, his counsel should have: 1) recommended a not guilty by reason of insanity plea based upon appellant's drug addiction and mental state; 2) asserted an involuntary intoxication defense; 3) contested the recommendation of the Court Diagnostic and Treatment Center; 4) sought the professional services of a psycho-pharmacologist and or nutritionist; 5) sought to have a lesser-included offense included in the charges; 6) investigate the state's witnesses so that they could be impeached; and 7) utilized the services of a forensic expert to discredit the state's evidence about the physical harm done to the victim. During the punishment phase, appellant alleges that his trial counsel rendered ineffective assistance by failing to: 1) fully present appellant's case to the jury so that they could understand his maladies and underlying causes for his behavior and 2) failing to present evidence of appellant's remorse.
 {¶ 32} While appellant premises these claims upon evidence that is outside of the record, he has failed to present any such evidence. There is no evidence that appellant was insane at the time of the murder; involuntarily intoxicated (other than trial counsel's arguments at trial and appellant's self-serving statements in his appellate brief and petition that he was "feigning" at the time); that his trial counsel did not investigate the prosecution witnesses in order to competently cross-examine them; or that the coroner's assessment of the victim's physical injuries was erroneous. Furthermore, claims that trial counsel should have sought a lesser-included offense and that recommendation of the Court Diagnostic and Treatment Center was erroneous could have been raised at trial or on appeal and, therefore, are barred by the doctrine of res judicata from being raised in a postconviction relief proceeding. Finally, appellant has failed to support his claims relating to the mitigating evidence. Considerable evidence was submitted during the penalty phase of the hearing regarding appellant's background and possible causes for his behavior. Likewise, trial counsel directed the jurors to consider the testimony of the investigating police officer who testified that appellant was remorseful at the time of his confession. Appellant has failed to demonstrate that there is a reasonable probability that any additional evidence would have had any impact on the outcome of this case.
 {¶ 33} In his third claim for relief, appellant alleged that his death sentence is unreliable because the jurors failed to understand, and did not follow, the mitigation-phase jury instructions, which violated his rights under the Fifth, Sixth,Eighth, and Fourteenth Amendments to the United States Constitution. He argues that there is nothing in the direct appeal record to reflect the jury's misunderstandings. Rather, he bases his claim on the affidavit of one of the jury members and an affidavit of an expert in linguistics.
 {¶ 34} The jury member attested that he and the other jurors were unclear during the penalty phase as to what facts should be considered as mitigating factors. As soon as the jury entered the jury room, they asked the court for clarification, but were not given the clarification they sought. As a result, the juror was unclear as to how he should weigh the aggravating and mitigating factors. The linguistics professor attested that in his opinion, the language of the standard Ohio jury instructions, which were used in this case, results in a bias toward the imposition of the death penalty because of the vague and sometimes unintelligible language.
 {¶ 35} The trial court concluded that this issue could have been resolved on appeal without consideration of matters outside the record. Therefore, the court concluded that appellant could have raised the issue on direct appeal.
 {¶ 36} First, we note that we need not accept all of the juror's averments as true. State v. Calhoun (1999),86 Ohio St.3d 279, 284. Upon an examination of the transcript of the mitigation phase hearing, we find that the jury did not send any questions to the court after it retired to determine the penalty in this case. The affidavit directly conflicts with the record.
 {¶ 37} Second, we find that trial counsel could have made the general challenge to the language of the penalty-phase jury instructions during trial. Having failed to do so, appellant has waived any right to raise the issue on appeal except on grounds of plain error. Having failed to raise the issue on appeal, the issue is now barred under the doctrine of res judicata from being raised in a postconviction relief proceeding.
 {¶ 38} Third, Ohio's aliunde rule prohibits the use of a juror's testimony about the jury deliberations to invalidate the jury verdict in a postconviction hearing. Evid.R. 606(B) andState v. Hoffner, 6th Dist. No. L-01-1281, 2002-Ohio-5201, at ¶ 28-30. The only exception is when there is an allegation of prejudice or improper outside influences upon the jury deliberations and there is some non-jury evidence of the event. Id. and Evid.R. 606(B).
 {¶ 39} Appellant argues, however, that this rule was invalidated by the actions of the Ohio Supreme Court when it allowed the media to invade the jury room deliberations in another criminal trial in 2004 for purposes of producing a documentary on death penalty jury deliberations in both the trial and penalty phases. Even if we accepted appellant's argument as having merit, appellant's trial occurred in 1999 and his conviction was affirmed by this court in 2003. Therefore, even if the Ohio Supreme Court's actions had an impact on the aliunde rule, it would not be applicable to this case.
 {¶ 40} In his seventh claim for relief, appellant argued that he was denied due process and a fair trial because the state withheld mitigating evidence from the defense. This evidence was appellant's activities as a confidential police informant for the Albany County, New York police department. The trial court dismissed his claim on the basis that appellant knew this information and that he failed to demonstrate that the failure to disclose this information would have impacted the outcome in this case. We agree. This information did not result in prejudice to appellant because he knew of it when preparing his defense.California v. Trombetta (1984), 467 U.S. 479, 479-780, andState v. Powers, 12th Dist. No. CA2004-12-110, 2005-Ohio-4340, at ¶ 10. We also find that trial counsel would not have wanted to introduce this evidence because of the link between the theory that appellant could not control his behavior and the New York murder.
 {¶ 41} In his ninth claim for relief, appellant argues that the trial court erred by dismissing appellant's claim that his conviction was voidable because he lacked the capacity to waive his right to remain silent due to his mental disorders, addictions, state of intoxication, and promises of being charged with negligent homicide or involuntary murder. Appellant contends that he was unable to present evidence of these facts at the suppression hearing regarding his confession.
 {¶ 42} We agree with the trial court that this issue is barred under the doctrine of res judicata. On direct appeal, appellant argued that the trial court erred by denying his motion to suppress his confession. The sole basis for the motion was that appellant was not informed before his interrogation began that he might be charged with a capital offense. While the evidence submitted with the petition is not in the record, it was available to appellant at the time of the suppression hearing and appellant had personal knowledge of some of the facts. Therefore, we find that appellant could have presented the issue to the trial court.
 {¶ 43} In his tenth claim for relief, appellant argues that the trial court erred by dismissing appellant's claim that his death sentence was disproportionate and excessive based upon evidence extraneous to the record. The trial court held that this issue was res judicata because this court addressed and rejected it on appeal. We agree that some of the evidence submitted with the petition was either in the record or available to appellant at the time of trial. This evidence consisted of expert opinions about appellants' addiction history and mental issues and the cocaine-induced violence defense. While this evidence was outside the record, the substance of the evidence is similar to evidence which was introduced during the penalty phase of the trial. Therefore, we agree with the trial court that re-litigation of this issue is barred under the doctrine of res judicata.
 {¶ 44} The only evidence that falls outside this category is the affidavit of an expert regarding appellant's possible low serotonin levels, which was prepared in 2000. However, as we discussed earlier, appellant's trial counsel appropriately relied upon the advice of several experts to determine the best strategy for the defense. Even the affidavit submitted by appellant on postconviction relief does not establish that appellant actually suffers from low serotonin levels. Appellant has not materially demonstrated that there was such a denial or infringement of his constitutional rights that his sentence was void or voidable. Therefore, we find that the trial court properly dismissed this claim on its face.
 {¶ 45} Accordingly, we find appellant's first assignment of error not well-taken.
 II. {¶ 46} In his second assignment of error, appellant argues that Ohio's postconviction relief procedures do not provide for an adequate corrective process and do not comply with the due process and equal protection guarantees under theFourteenth Amendment. He argues that indigent defendants cannot meet the burden of presenting evidence to support their petition without the benefit of the discovery process. Therefore, appellant argues that the trial court denied him his constitutional right to due process by denying him discovery and an evidentiary hearing.
 {¶ 47} This issue has been addressed by this and other appellate courts and rejected. State v. Jordan, 6th Dist. No. L-02-1130, 2003-Ohio-5194, at ¶ 27-30; State v. Smith, 9th Dist. No. 04CA008546, 2005-Ohio-2571, at ¶ 17-21; and State v.Hoop, 12th Dist. No. CA2004-02-003, 2004-Ohio-1407, at ¶ 5-7. The trial court provided appellant with all of the process required under this statutorily-created remedy and it is the same process that any other convicted defendant receives. Therefore, we find appellant's second assignment of error not well-taken.
 III. {¶ 48} In his third assignment of error, appellant argues that the trial court erred by dismissing his petition when the cumulative effect of the errors in this case warrant a reversal or at least a remand of the case for adequate consideration of the postconviction relief petition. In his eighth and thirteenth assignments of error, appellant contends that the cumulative effect of numerous errors noted in his petition warrant relief in this case.
Since we have determined that the trial court properly dismissed all of the claims for relief in appellant's petition, we find that this claim lacks merit as well. Therefore, we find appellant's third assignment of error not well-taken.
 {¶ 49} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Petrykowski, J., Singer, P.J. Concur.
[1] Appellant's claims for relief in the September 5, 2000 petition are numbered incorrectly so that there are two sixth claims for relief. This claim is the first sixth claim for relief presented in the petition.
[2] The claim addressed here relates to the second of the sixth claims.
[3] This claim is the eighth claim presented by appellant in his pro se petition. We address the eighth claim presented in appellant's September 5, 2000 petition with the third assignment of error.