[Cite as *State v. Cook*, 2014-Ohio-4900.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140118 |
| | | TRIAL NO. B-9001379 |
| Respondent-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| DERRICK COOK, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 5, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.,* Assistant Prosecuting Attorney, for Respondent-Appellee,

Office of the Ohio Public Defender, and *Randall L. Porter*, Assistant State Public Defender, for Petitioner-Appellant.

**HILDEBRANDT, J.**

{¶1}    Petitioner-appellant Derrick Cook appeals from the Hamilton County Common Pleas Court's judgment dismissing his petition under R.C. 2953.21 et seq. for relief from his 1990 conviction for aggravated murder.  We affirm the court's judgment.

{¶2}    In 1990, a Hamilton County jury found Cook guilty of aggravated murder, aggravated robbery, and kidnapping in connection with the death of clothing store manager Frank Shorter.  For aggravated murder, Cook was sentenced to death.

{¶3}    Cook unsuccessfully challenged his convictions in direct appeals to this court, the Ohio Supreme Court, and the United States Supreme Court, *State v. Cook*, 1st Dist. Hamilton No. C-900676, 1992 Ohio App. LEXIS 1833 (Apr. 8, 1992), *aff'd*, 65 Ohio St.3d 516, 605 N.E.2d 70 (1992), *certiorari denied*, 510 U.S. 1040, 114 S.Ct. 681, 126 L.Ed.2d 649 (1994), and in a postconviction petition filed in 1994.  *State v. Cook*, 1st Dist. Hamilton No. C-950090, 1995 Ohio App. LEXIS 5768 (Dec. 29, 1995), *aff'd*, 74 Ohio St.3d 524, 660 N.E.2d 449 (1996).  His petition for a writ of habeas corpus remains pending before the United States District Court for the Southern District of Ohio.

{¶4}    In 2012, Cook again petitioned the common pleas court for relief under R.C. 2953.21 et seq.  In this appeal from the dismissal of his 2012 postconviction petition, he advances seven assignments of error.

### The Jurisdictional Standard

{¶5}    The postconviction petition from which this appeal derives was Cook's second petition and was filed well after the time prescribed by R.C. 2953.21(A)(2) had expired.  R.C. 2953.23 closely circumscribes a common pleas court's jurisdiction to entertain in a capital case a late or successive postconviction claim.  The petitioner must

show either that he was unavoidably prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new or retrospectively applicable right recognized by the United States Supreme Court since the time for filing his claim had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted or * * * eligible for the death sentence." R.C. 2953.23(A)(1)(b).

### Constitutionality of the Jurisdictional Standard

{¶6}    In his first assignment of error, Cook contends that the common pleas court erred in failing to declare unconstitutional, both on its face and as applied to him, R.C. 2953.23(A)(1)(b)'s "clear and convincing evidence" jurisdictional standard. He argues that requiring this showing before a common pleas court may entertain a late or successive postconviction claim violates rights guaranteed by the Supremacy Clause of the United States Constitution, the doctrine of separation of powers embodied in the federal and state constitutions, and the "due course of law" and "open courts" provisions contained in Article I, Section 16, of the Ohio Constitution. We overrule this assignment of error for the reasons set forth in our decision in *State v. Bies*, 1st Dist. Hamilton No. C-020306, 2003-Ohio-442, ¶ 14-15 (following *State v. McGuire*, 12th Dist. Preble No. CA2000-10-011, 2001 Ohio App. LEXIS 1826 (Apr. 23, 2001)). *Accord State v. Conway*, 10th Dist. Franklin No. 12AP-412, 2013-Ohio-3741, ¶ 62-63; *State v. Johnson*, 5th Dist. Guernsey No. 12 CA 19, 2013-Ohio-1398, ¶ 23-24; *State v. Smith*, 9th Dist. Lorain No. 04CA008546, 2005-Ohio-2571, ¶ 8; *State v. Franklin*, 2d Dist. Montgomery No. 20716, 2005-Ohio-1361, ¶ 22-23; *State v. Taylor*, 8th Dist. Cuyahoga No. 80271, 2002-Ohio-2742, ¶ 13; *State v. Davie*, 11th Dist. Trumbull No. 2000-T-

0104, 2001 Ohio App. LEXIS 5842 (Dec. 21, 2001). *See also State v. Byrd*, 145 Ohio App.3d 318, 762 N.E.2d 1043 (1st Dist.2001) (holding that the "clear and convincing" standard does not violate due process).

### *No Jurisdiction to Entertain Cook's Postconviction Claims*

{¶7}  The balance of Cook's assignments of error challenge the common pleas court's failure to grant the relief sought in the claims advanced in his postconviction petition.  These challenges are untenable, because the court had no jurisdiction to entertain Cook's postconviction claims.

{¶8}  *Grand-jury foreperson selection process.*  In his eighteenth postconviction claim, Cook challenged as discriminatory the process employed by Hamilton County for selecting grand-jury forepersons.  This claim was subject to dismissal for lack of jurisdiction, because Cook did not, as he could not, demonstrate that, but for the claimed infirmities in the foreperson selection process, no reasonable factfinder would have found him guilty or eligible for the death sentence.  *See* R.C. 2953.23(A)(1); *State v. Garner*, 1st Dist. Hamilton No. C-990659, 2000 Ohio App. LEXIS 1823 (Apr. 28, 2000).

{¶9}  *Prosecutorial misconduct—undisclosed evidence and false testimony.*  In claims one through fourteen, Cook contended that he had been denied a fair trial by the state's failure to disclose evidence contained in various police notes and reports and witness statements and interviews that impeached trial testimony identifying him as Frank Shorter's killer.  In his fifteenth and twentieth claims, he asserted that he had been denied a fair trial when the state secured his convictions through its knowing use of, and its failure to correct, testimony and

4

arguments that the undisclosed evidence, along with other outside evidence, showed were false.

{¶10} The fair-trial guarantee of the Due Process Clause of the Fourteenth Amendment to the United States Constitution imposes upon the state a duty to disclose to a criminal accused evidence that is favorable and material to his guilt or punishment. *See Brady v. Maryland*, 373 U.S. 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The right to a fair trial is also implicated when the state uses, or fails to correct, evidence that it knows is false. *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

{¶11} Both principles extend to evidence affecting a witness's credibility. *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Napue* at 269-270. And a claimed constitutional violation under either principle requires proof of "materiality." *See Kyles v. Whitley*, 514 U.S. 419, 434-436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (holding that undisclosed evidence is "material" if, "considered collectively," the evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict"); *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) (holding that false testimony is "material" if "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury").

{¶12} But with respect to Cook's postconviction *Brady* and *Napue* claims, the common pleas court had no occasion to determine whether the undisclosed or allegedly false evidence was "material." The court had no jurisdiction to entertain those claims, because Cook failed to show by clear and convincing evidence that, but for the alleged

instances of prosecutorial misconduct, no reasonable factfinder would have found him guilty or eligible for a sentence of death. *See* R.C. 2953.23(A)(1)(b).

{¶13} *Ineffective counsel.* In his sixteenth postconviction claim, Cook asserted that his trial counsel had been ineffective in failing to conduct a reasonable investigation to identify the evidence offered in support of claims one through thirteen, fifteen, and twenty. This challenge to trial counsel's effectiveness with respect to Cook's *Brady* and *Napue* claims depends upon, and thus logically falls with, those claims. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989) (holding that an ineffective-counsel claim requires proof of an outcome-determinative deficiency in counsel's performance). Cook failed to show by clear and convincing evidence that, but for his trial counsel's alleged ineffectiveness with respect to the undisclosed evidence or the allegedly false testimony, no reasonable factfinder would have found him guilty or eligible for the death sentence. Therefore, the common pleas court had no jurisdiction to entertain his sixteenth claim.

{¶14} *Actual innocence.* In his seventeenth postconviction claim, Cook sought relief from his convictions on the ground that the outside evidence offered in support of his other postconviction claims demonstrated that he was actually innocent of the offenses of which he had been convicted. This claim was subject to dismissal, because a claim of actual innocence based on evidence outside the trial record does not provide substantive grounds for relief under R.C. 2953.21 et seq., when it does not demonstrate a constitutional violation in the proceedings leading to the petitioner's conviction. *See* R.C. 2953.21(A)(1)(a); *State v. Campbell*, 1st Dist. Hamilton No. C-

6

950746, 1996 Ohio App. LEXIS 5114 (Nov. 20, 1996). *Accord Byrd*, 145 Ohio App.3d at 331, 762 N.E.2d 1043.

{¶15} *Cumulative error.* Finally, in his nineteenth claim, Cook sought relief from his convictions on the ground that he had been denied a fair trial by the accumulation of constitutional deprivations alleged in his other postconviction claims. Under the doctrine of cumulative error, a conviction may be reversed if the cumulative effect of errors deemed separately harmless is to deny the defendant a fair trial. *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus. But Cook's cumulative-error claim did not provide a ground for relief from his convictions, because it depended upon proof of, and thus fell upon his failure to demonstrate, multiple constitutional violations in the proceedings leading to his convictions. *See State v. Madrigal*, 87 Ohio St.3d 378, 398, 721 N.E.2d 52 (2000); *State v. Were*, 1st Dist. Hamilton No. C-080697, 2009-Ohio-4494, ¶ 88.

### Conclusion

{¶16} The common pleas court properly dismissed Cook's postconviction petition, because he failed to satisfy R.C. 2953.21's time requirements and R.C. 2953.23's jurisdictional requirements. We, therefore, overrule the assignments of error and affirm the judgment of the common pleas court.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HENDON, J.,** concur

Please note:

The court has recorded its own entry on the date of the release of this opinion.