[Cite as *State v. Dunlap*, 2015-Ohio-4644.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140594 |
| | | TRIAL NO. B-9107546 |
| Respondent-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| TIMOTHY DUNLAP, | : | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 10, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings,* Assistant Prosecuting Attorney, for Respondent-Appellee,

Office of the Ohio Public Defender, and *Randall L. Porter*, Assistant State Public Defender, for Petitioner-Appellant.

STAUTBERG, Judge.

{¶1} Petitioner-appellant Timothy Dunlap appeals from the Hamilton County Common Pleas Court's judgment dismissing his petition under R.C. 2953.21 et seq. for postconviction relief. We affirm the court's judgment.

{¶2} In 1993, a Hamilton County jury found Dunlap guilty of aggravated murder and aggravated robbery for killing and robbing his girlfriend, Belinda Bolanos. For aggravated murder, the trial court sentenced Dunlap to death.

{¶3} Dunlap unsuccessfully challenged his convictions in direct appeals to this court, the Ohio Supreme Court, and the United States Supreme Court, *State v. Dunlap*, 1st Dist. Hamilton No. C-930121, 1994 Ohio App. LEXIS 3277 (July 27, 1994), *aff'd*, 73 Ohio St.3d 308, 652 N.E.2d 988 (1995), *certiorari denied*, 516 U.S. 1096, 116 S.Ct. 822, 133 L.Ed.2d 765 (1996), and in a postconviction petition filed in 1994. *State v. Dunlap*, 1st Dist. Hamilton No. C-970117, 1998 Ohio App. LEXIS 2870 (June 26, 1998), *appeal not accepted*, 83 Ohio St.3d 1472, 701 N.E.2d 380 (1998). His petition for a writ of habeas corpus is pending before the United States District Court for the Southern District of Ohio.

{¶4} In 2012, Dunlap again petitioned the common pleas court for postconviction relief. In his petition, he challenged the adequacy of the corrective process provided by the postconviction statutes and sought relief on the ground that his trial counsel had been ineffective in investigating, preparing, and presenting his case in mitigation. In this appeal from the dismissal of his 2012 petition, Dunlap advances four assignments of error.

### The Jurisdictional Standard

{¶5} The postconviction petition from which this appeal derives was Dunlap's second petition and was filed well after the time prescribed by R.C. 2953.21(A)(2) had expired. R.C. 2953.23 closely circumscribes a common pleas court's jurisdiction to entertain a late or successive postconviction petition filed in a case in which a sentence of death has been imposed. The petitioner must show either that he was unavoidably

prevented from discovering the facts upon which his postconviction claim depends, or that his claim is predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since the time for seeking postconviction relief had expired. R.C. 2953.23(A)(1)(a). And he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him either] guilty of the offense of which [he] was convicted or * * * eligible for the death sentence." R.C. 2953.23(A)(1)(b).

### *Constitutionality of the Jurisdictional Standard*

{¶6} In his first assignment of error, Dunlap contends that the common pleas court erred in failing to declare unconstitutional, both on its face and as applied to him, R.C. 2953.23(A)(1)(b)'s "clear and convincing evidence" jurisdictional standard. He argues that requiring this showing before a common pleas court may entertain a late or successive postconviction claim violates the Supremacy Clause of the United States Constitution. We overrule this assignment of error for the reasons set forth in our decision in *State v. Bies*, 1st Dist. Hamilton No. C-020306, 2003-Ohio-442, ¶ 14-15. *Accord State v. Cook,* 1st Dist. Hamilton No. C-140118, 2014-Ohio-4900, ¶ 6.

### *No Jurisdiction to Entertain Postconviction Claims*

{¶7} The balance of Dunlap's assignments of error challenge the common pleas court's failure to grant relief on the grounds advanced in his postconviction petition. We overrule the assignments of error, because the court had no jurisdiction to entertain the petition.

{¶8} *Constitutionality of postconviction proceedings.* In his first ground for relief, Dunlap contended that the postconviction procedures provided by R.C. 2953.21 et seq. and Crim.R. 35 are unconstitutional. He argued that the procedures do not provide "an adequate corrective process" or permit "meaningful [postconviction] review," because discovery is not afforded in the initial stages of a postconviction proceeding, because argument on each ground for relief is limited to three pages, and because the doctrine of res judicata applies to preclude granting relief

3

upon any ground that could fairly have been determined in the direct appeal or in an earlier postconviction proceeding.

{¶9} R.C. 2953.21(A)(1) requires a postconviction petitioner to demonstrate a constitutional deprivation that both occurred during the proceedings resulting in his conviction and rendered his conviction void or voidable. The constitutional deprivations asserted by Dunlap in his first ground for relief did not occur during the proceedings resulting in his convictions. And a determination that the postconviction statutes were constitutionally infirm would not have rendered his convictions void or voidable. *See State v. Fitzpatrick*, 1st Dist. Hamilton No. C-030804, 2004-Ohio-5615, ¶ 60. We, therefore, conclude that the common pleas court properly declined to grant relief upon the first ground.

{¶10} *Ineffective assistance of trial counsel.* In his second, third, and fourth grounds for relief, Dunlap challenged his trial counsel's effectiveness in investigating, preparing, and presenting his case in mitigation. Dunlap asserted that his trial counsel had failed to conduct a reasonable investigation to identify relevant records and lay and expert witnesses to aid in presenting, during the penalty phase of his trial, an adequate and complete social and mental-health history. But Dunlap did not argue, nor does the record demonstrate, either that he had been unavoidably prevented from discovering the facts underlying these claims, or that the claims were predicated upon a new and retrospectively applicable right recognized by the United States Supreme Court since his time for filing a postconviction petition had expired. Thus, with respect to his second, third, and fourth grounds for relief, Dunlap satisfied neither the time strictures of R.C. 2953.21(A)(2) nor the jurisdictional requirements of R.C. 2953.23(A). Accordingly, the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain those claims on their merits.

{¶11} *Cumulative error.* In his fifth ground for relief, Dunlap asserted that he had been denied a fair trial by the accumulation of constitutional deprivations alleged in his other grounds for relief. Under the doctrine of cumulative error, a

4

conviction may be reversed if the cumulative effect of errors deemed separately harmless is to deny the defendant a fair trial. *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), paragraph two of the syllabus. But Dunlap's claim of cumulative error depended upon proof of, and thus fell upon his failure to demonstrate, multiple constitutional violations in the proceedings leading to his convictions. Therefore, his cumulative-error claim did not provide a ground for relief from his convictions. *See State v. Madrigal*, 87 Ohio St.3d 378, 398, 721 N.E.2d 52 (2000); *State v. Were*, 1st Dist. Hamilton No. C-080697, 2009-Ohio-4494, ¶ 88.

{¶12} *Convictions were not void.* Finally, a trial court always has jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But none of Dunlap's postconviction claims, even if demonstrated, would have rendered his convictions void. *See State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

### The Judgment is Affirmed

{¶13} Because Dunlap failed to satisfy R.C. 2953.21's time requirements and R.C. 2953.23's jurisdictional requirements, the common pleas court had no jurisdiction to entertain his postconviction petition. We, therefore, hold that the court properly dismissed the petition and, accordingly, affirm the court's judgment.

Judgment affirmed.

CUNNINGHAM, P.J., and DEWINE, J., concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.