OPINION
{¶ 1} Defendant-appellant Steven Wilbert Dixon appeals from the October 5, 2004 judgment entry of the Richland County Court of Common Pleas overruling his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 5, 2002, the Richland County Grand Jury indicted appellant on two counts of rape and two counts of gross sexual imposition. The indictment alleged that the crimes had taken place during the period from September 1, 2002, until September 27, 2002, shortly after appellant had moved in with Stacy Gilmore, the eleven year old female victim's mother.
 {¶ 3} The jury trial proceeded on July 17 and 18, 2003. The jury subsequently returned a verdict of guilty on all counts. On July 23, 2003, the court sentenced appellant to nine years in prison for each of the two counts of rape, to be served consecutively. The court also sentenced appellant to three years in prison for each of the two counts of gross sexual imposition, to be served concurrently with the rape sentences, for a total sentence of eighteen years. Appellant appealed therefrom raising three assignments of error, see State v. Dixon (July 26, 2004), 5th Dist. No. 03CA75. This court affirmed the decision of the trial court. Id.
 {¶ 4} While his direct appeal was still pending in the court of appeals, appellant filed a petition to vacate or set aside sentence in the Richland County Court of Common Pleas on January 14, 2004. The trial court denied that petition by judgment entry filed October 5, 2004.
 {¶ 5} On September 20, 2004, defendant-appellant filed an application with this court to re-open his direct appeal pursuant to App. R. 26 (B). This court overruled appellant's application to re-open his direct appeal by judgment entry filed January 10, 2005. On March 14, 2005, the Ohio Supreme Court denied appellant leave to appeal and dismissed his appeal as not involving any substantial constitutional question.
 {¶ 6} It is from the trial court's October 5, 2004, judgment entry overruling appellant's petition for post-conviction relief that appellant appeals, raising the following two assignments of error:
 {¶ 7} "I. The trial court erred in dismissing appellant's petition for post-conviction relief "res judicata" (pursuant to: State v. Ishmail
(1981), 67 ohio st. 2d 16 — State v. White (1998), 1998 OHIO APP. lexis 4049 pp. 10-25); regarding the issues of not raising them prior to trial or on direct appeal.
 {¶ 8} "II. The trial courts error in dismissing defendant-appellant's three claims (#1 speedy trial violation; #2 prosecutorial misconduct; #3 violation of defendant wearing visible restraint on his left arm) `resjudicata'."
 I. II. {¶ 9} As appellant's assignments of error are interrelated we shall address them together.
 {¶ 10} Appellant first maintains that the trial court erred when it failed to grant his motion to dismiss based upon a violation of his right to a speedy trial. Appellant further maintains that the trial court erred by ruling this claim was barred as res judicata. We disagree.
 {¶ 11} A defendant's right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, and is made obligatory on the States by the Fourteenth Amendment. Klopfer v.North Carolina (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. ArticleI, Section 10 of the Ohio Constitution, also affords an accused the same guarantees as the Sixth and Fourteenth Amendments. See State v. Butler
(1969), 19 Ohio St.2d 55, 249 N.E.2d 818.
 {¶ 12} The statutory provisions guaranteeing an accused's right to be tried without inordinate delay is found in R.C. 2945.71 to 2945.73. R.C.2945.71 states in part:
 {¶ 13} "(C) A person against whom a charge of felony is pending:" * * * "(2) Shall be brought to trial within two hundred seventy days after his arrest." * * *
 {¶ 14} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"
 {¶ 15} Appellant specifically contends dismissal of the indictment in the case sub judice was required on the grounds that he was not brought to trial within ninety days under the "triple-count" provision of R.C.2945.71(E). The State maintains that the triplecount provision does not apply in the case at bar because appellant was in prison on a separate parole violation at the time he was indicted.
 {¶ 16} Appellant's reliance on our decision in State v. Sisco (June 28, 1982), 5th Dist. No 2-CA-82 is misplaced. The holding in Sisco had been overruled by the Ohio Supreme Court. In State v. Brown (1992),64 Ohio St.3d 476, 1992-Ohio-96, 597 N.E.2d 97, the Ohio Supreme Court stated "[t]he existence of a valid parole holder prevents application of the triple-count provisions of R.C. 2945.71(E)." Id. at 479,597 N.E.2d at 99. We are bound to follow the law as defined by the Ohio Supreme Court. Appellant does not dispute that he was in prison at the time of indictment for the charges in the criminal case in Case No. 02-CR-801(D). Appellant does not contend that he was not brought to trial within 270 days.
 {¶ 17} Accordingly, any error in the trial court's ruling that this claim was barred by the doctrine of res judicata is harmless beyond a reasonable doubt.
 {¶ 18} Appellant next argues that the trial court erred in dismissing his claim concerning the admission into evidence at trial of letters the appellant had written to the minor victim's mother. Appellant further argues that the trial court erred in finding this claim barred by the doctrine of res judicata.
 {¶ 19} No objection was raised by appellant's trial counsel to the admission of seven (7) handwritten letters that appellant had sent while in jail to the minor victim's mother. Appellant claims the letters had his inmate number on them and mentioned the fact that he was incarcerated.
 {¶ 20} Appellate counsel did raise a claim of ineffective assistance of trial counsel in the direct appeal which included alleged improper remarks by the prosecutor and the failure to object to admission of evidence. The letters were admitted into evidence at trial. Accordingly, they were available for review by appellant's counsel who prepared the appeal. Res judicata will be applied to bar the further litigation of issues that were either raised or could have been raised through a prior appeal. See State v. Dimitrov, Cuyahoga App. No. 76986, 2002-Ohio-2350, citing State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Moreover, even upon a de novo review, we would find no basis in appellant's argument.
 {¶ 21} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 510 N.E.2d 343. Therefore, we will not disturb a trial court's evidentiary ruling unless we find said ruling to be an abuse of discretion; i.e. unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
 {¶ 22} Relevant evidence is evidence that has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid. R. 402.
 {¶ 23} In the case at bar, the seven letters were authenticated by the victim's mother who had received them, i.e. appellant's former girlfriend. The letters contain appellant's statements pleading with the victim's mother that she and the victim should recant their stories and/or not come to court. This evidence was both relevant and probative. As the statements were made by the appellant they were clearly admissible at trial. The testimony was admissible pursuant to Evid.R. 801(D) (2). Arguably, the trial court could also find, they were also admissible under Evid.R. 804(B) (3) as a statement against interest. Under Evid.R. 801(D) (2) an admission by a party-opponent is not hearsay under certain circumstances. Even if it be hearsay, under the circumstances involved, a statement against interest, such as appellant's statements herein, is admissible pursuant to Evid.R. 804(B) (3). In short, regardless of the basis for the admissibility of the evidence, it was admissible and the trial court did not err in allowing its admission.
 {¶ 24} The record reveals that the State redacted all references to appellant's inmate number and the fact that he was incarcerated prior to submitting the letters into evidence. (T. 124-25).
 {¶ 25} Accordingly, we find the no error by the trial court.
 {¶ 26} Finally, appellant argues that the trial court erred in dismissing his claim concerning the appellant wearing an "arm shocker" during his jury trial. Appellant further argues that the trial court erred in finding this claim barred by the doctrine of res judicata.
 {¶ 27} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding[,] except an appeal from that judgment, any defense or any claimed lack of due process that was raisedor could have been raised by the defendant at the trial [that] resulted in that judgment of conviction or on an appeal from that judgment." (Emphasis sic.) State v. Perry (1967), 10 Ohio St.2d 175, 39 O.O.2d 189,226 N.E.2d 104, paragraph nine of the syllabus. Thus, a common pleas court may apply the doctrine of res judicata to dismiss a post conviction claim, when the claim presents a matter that could fairly have been determined without resort to evidence dehors the record. Id.; State v.Cole (1982), 2 Ohio St.3d 112, 114, 2 OBR 661, 443 N.E.2d 169. If, however, the alleged constitutional error is supported by evidence outside the record as well as evidence appearing in the record, and thus could not have been fully litigated on direct appeal, the issue is not subject to the doctrine of res judicata. State v. Smith (1997),125 Ohio App.3d 342, 348, 708 N.E.2d 739, 742-743.
 {¶ 28} There is no mention in the record or in the transcript of appellant's jury trial of an "arm shocker" restraint being employed by the trial court. Appellant submitted his own affidavit in support of his petition in the trial court referencing the use of the stun device. Because this claim in appellant's petition was supported by evidence outside the record of the case, the trial court erred in concluding that appellant's claim was barred by res judicata.
 {¶ 29} No objection to the restraint was raised by appellant's trial counsel. Accordingly, we would review this clam de novo under the "plain error" standard. Appellant further contends that he was denied effective assistance of trial counsel because trial counsel failed to object to the use of the stun device.
 {¶ 30} Crim.R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim.R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 31} In U.S. v. Dominguez Benitez (June 14, 2004), 124 S.Ct. 2333,159 L.Ed.2d 157, the Court defined the prejudice prong of the plain error analysis. "It is only for certain structural errors undermining the fairness of a criminal proceeding as a whole that even preserved error requires reversal without regard to the mistake's effect on the proceeding. See Arizona v. Fulminante, 499 U.S. 279, 309 — 310 (1991) (giving examples).
 {¶ 32} "Otherwise, relief for error is tied in some way to prejudicial effect, and the standard phrased as `error that affects substantial rights,' used in Rule 52, has previously been taken to mean error with a prejudicial effect on the outcome of a judicial proceeding. See Kotteakosv. United States, 328 U.S. 750 (1946). To affect "substantial rights," see 28 U.S.C. § 2111, an error must have "substantial and injurious effect or influence in determining the . . . verdict." Kotteakos, supra, at 776." Id. at 2339. See, also, State v. Barnes (2002), 94 Ohio St.3d 21,759 N.E.2d 1240.
 {¶ 33} The defendant bears the burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770; State v. Perry (2004), 101 Ohio St.3d 118,120, 802 N.E.2d 643, 646. Even if the defendant satisfies this burden, an appellate court has discretion to disregard the error and should correct it only to `prevent a manifest miscarriage of justice.'" State v. Barnes
(2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v. Long
(1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 34} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 35} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 36} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 37} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 38} The decision to impose restraints upon a defendant in a criminal trial is left to the discretion of the trial court. Illinois v.Allen (1970), 397 U.S. 337, 343-44, 90 S.Ct. 1057, State v. Adams (2004),103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29. Although the trial court in the case at bar, did not hold a hearing on the use of the arm shocker this does not automatically result in a reversal: "[a]lthough we stress that the preferred and encouraged practice prior to handcuffing a defendant during any phase of trial is to hold a hearing on the matter, we do not find this to be an absolute rule. Where the facts and circumstances surrounding a defendant illustrate a compelling need to impose exceptional security procedures, the trial court's exercise of discretion in this regard should not be disturbed unless its actions are not supported by the evidence before it. Had the lower court in the case sub judice held a hearing on the matter, it would be much easier to review its decision to handcuff appellant and to place the deputies with him. Even though such a hearing did not take place, we find that the trial judge's actions did not amount to plain error". State v. Franklin
(2002), 97 Ohio St.3d 1, 19-20, 2002-Ohio-5304 at ¶ 82, 776 N.E.2d 26,47.
 {¶ 39} The evidence against appellant was overwhelming. Appellant has a history of violent felony offenses, and misconduct while in prison. (T. at 465-468). Had the lower court in the case sub judice held a hearing on the matter, it would be much easier to review its decision to utilize the arm shocker. Even though such a hearing did not take place, we find that the trial judge's actions did not amount to plain error. We find no prejudice to appellant as a result of trial counsel's failure to object to the use of the stun device at trial. The result of the trial was not unreliable nor was the proceedings fundamentally unfair because of the performance of defense counsel.
 {¶ 40} Accordingly, we find the appellant has failed to sustain his burden of demonstrating that a plain error affected his substantial rights. United States v. Olano (1993), 507 U.S. at 725,734, 113 S.Ct. 1770;State v. Perry (2004), 101 Ohio St.3d 118, 120, 802 N.E.2d 643, 646. We find no manifest miscarriage of justice occurred in this case. State v.Barnes (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240, quoting State v.Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. Perry, supra, at 118, 802 N.E.2d at 646.
 {¶ 41} Appellant's First and Second Assignments of Error are overruled.
 {¶ 42} For the foregoing reasons, the judgment of the Richland County Court of Common Pleas, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas, Ohio, is affirmed. Costs to appellant.