OPINION
{¶ 1} Defendant-appellant Carlos Demingo Scott appeals the March 7, 2006 Judgment Entry of the Stark County Court of Common Pleas denying his petition for post-conviction relief from his January 14, 2004, conviction and sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} Appellant was arrested on October 23, 2003, and subsequently charged by indictment with two counts of trafficking cocaine, both felonies of the first degree, and one count of possession of cocaine, a felony of the fourth degree. Appellant entered pleas of not guilty to the charges, and the trial court appointed Attorney George Urban to represent him.
 {¶ 3} Appellant eventually changed his pleas to guilty. Via Judgment Entry filed January 14, 2004, the trial court accepted appellant's pleas to all counts and sentenced him to six years on count one, six years on count two and twelve months on count three. The court ordered the sentences on all counts be served concurrently, for a total of six years incarceration.
 {¶ 4} The time for filing an appeal of his convictions expired on February 13, 2004. Appellant did not file a timely appeal.
 {¶ 5} On December 16, 2005, appellant filed an untimely petition for post-conviction relief and to vacate and set aside his sentence pursuant to R.C. 2953.23(A) claiming ineffective assistance of counsel. Via Judgment Entry of March 7, 2006, the trial court denied appellant's motion.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURTS [SIC] VIOLATED APPELLANT'S 14TH AMENDMENT DUE PROCESS RIGHTS OF THE UNITED STATES CONSTITUTION WHEN IT MISAPPLIED THE STATED STANDARD OF REVIEW FOR APPELLANT'S PETITION FOR POST-CONVICTION RELIEF UNDER O.R.C.2953.23(A).
 {¶ 8} "II. TRIAL COUNSEL WAS INEFFECTIVE WHEN COUNSEL FAILED TO REQUEST OR FILE A MOTION WITH THE TRIAL COURTS [SIC] TO PERFORM THE TWO-STEP TEST THAT IS REQUIRED UNDER O.R.C.2941.25(A) TO DETERMINE WHETHER THE OFFENSES OF TRAFFICKING COCAINE AND POSSESSION OF "COCAINE ARE ALLIED OFFENSES" IN APPELLANT'S CASE.
 {¶ 9} "III. COUNSEL WAS INEFFECTIVE WHEN COUNSEL ALLOWED APPELLANT TO ENTER A PLEA OF GUILTY WHEN COUNSEL FAILED TO INVESTIGATE, AND FILE A MOTION FOR A CONTINUANCE IN ORDER TO PREPARE FOR TRIAL FOR APPELLANT'S CASE.
 {¶ 10} "IV. COUNSEL WAS INEFFECTIVE WHEN COUNSEL FAILED TO FILE AN APPEAL WHEN THE TRIAL COURT SENTENCE [SIC] APPELLANT TO (6) YEARS FOR CT: ONE TRAFFICKING COCAINE, AND (6) YEARS FOR COUNT TWO: POSSESSION OF COCAINE; WHICH ARE "ALLIED OFFENSES" OF SIMILAR IMPORT RESULTING FROM THE SAME CONDUCT.
 {¶ 11} "V. COUNSEL'S INEFFECTIVENESS "PREJUDICED" THE APPELLANT WHEN COUNSEL FAILED TO OBJECT TO THE TRIAL COURT WHEN SENTENCING APPELLANT FOR "TWO CRIMINAL CHARGES' WHEN THE APPELLANT ONLY COMMITTED ONE CRIMINAL ACT.
 {¶ 12} "VI. COUNSEL WAS INEFFECTIVE WHEN COUNSEL FAILED TO PROTECT APPELLANT'S 14TH CONSTITUTION AMENDMENT RIGHT OF THE UNITED STATED AND STATE OF OHIO WHEN THE TRIAL COURT VIOLATED APPELLANT'S 5TH, 8TH, AND 14TH UNITED STATES AND THE STATE OF OHIO CONSTITUTIONAL AMENDMENT RIGHT AT SENTENCING.
 {¶ 13} "VII. COUNSEL WAS INEFFECTIVE WHEN COUNSEL FAILED TO APPEAL TRIAL COURT'S VIOLATION OF APPELLANT'S 8TH
CONSTITUTIONAL AMENDMENT RIGHT OF THE UNITED STATES AND THE STATE OF OHIO; WHEN TRIAL COURT INFLICTED CRUEL AND UNUSUAL PUNISHMENT UPON APPELLANT WHEN SENTENCING APPELLANT TO CUMULATIVE PUNISHMENT FOR ALLIED OFFENSES RESULTING FROM THE SAME CRIMINAL CONDUCT."
 {¶ 14} Each of the assignments of error presented for review raise common and interrelated issues; therefore, we will address the assignments of error together.
 {¶ 15} In reviewing a trial court's denial of appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v.Mitchell (1988), 53 Ohio App.3d 117, 120, 559 N.E.2d 1370. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 16} A petition for post-conviction relief is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281; State v. Steffen
(1994), 70 Ohio St.3d 399, 410. A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition.State v. Jackson (1980), 64 Ohio St.2d 107, 110.
 {¶ 17} In his petition, appellant asserts he was denied his constitutional right to effective assistance of counsel. Appellant's petition sets forth six claims of ineffective assistance of counsel, as follows:
 {¶ 18} "Claim 1: Trial counsel's failure to file a motion or verbally request the Court to determine if the offenses of trafficking in cocaine and possession of cocaine are "allied offenses of similar import" as set forth in R.C. 2941.25(A);
 {¶ 19} "Claim 2: Trial counsel allowed Scott to plead guilty to the charges of the indictment without investigating and preparing the case for trial. Further, trial counsel failed to file a motion to continue the trial due to lack of preparation;
 {¶ 20} "Claim 3: Trial counsel failed to appeal the trial court's alleged failure to properly sentence Scott;
 {¶ 21} "Claim 4: Trial counsel failed to object to the trial court's finding that Scott was convicted of two felonies when Scott only committed one act. Such finding has resulted in prejudice to Scott;
 {¶ 22} "Claim 5: Trial counsel failed to protect Scott's rights under the 14th Amendment to equal protection under the law by failing to investigate and prepare the case for trial; and
 {¶ 23} "Claim 6: Trial counsel failed to appeal the trial court sentence as it violated Scott's constitutional right guaranteed by the 8th Amendment to the constitutions of the United States of America and Ohio, and as set forth in the Ohio Revised Code."
 {¶ 24} The trial court's March 7, 2006 Judgment Entry found, in light of R.C. 2953.23(A), four of appellant's claims were barred by res judicata and the remaining claims of ineffective assistance of counsel were not supported by any relevant evidence in the petition. We agree.
 {¶ 25} Appellant asserts the trial court violated his due process rights by misapplying the stated standard of review for his petition.
 {¶ 26} R.C. Section 2953.21 governs petitions for post-conviction relief, stating, in pertinent part:
 {¶ 27} "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, and for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
 {¶ 28} "* * *
 {¶ 29} "(4) A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.
 {¶ 30} "* * *
 {¶ 31} "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 32} "* * *
 {¶ 33} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
 {¶ 34} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to an evidentiary hearing. State v.Calhoun, 86 Ohio St.3d 279, 282, 714 N.E.2d 905, 1999-Ohio-102. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. at paragraph two of the syllabus. A trial court's decision to grant or deny the petitioner an evidentiary hearing is left to the sound discretion of the trial court. See id. at 284,714 N.E.2d 905 (stating that the post-conviction relief statute "clearly calls for discretion in determining whether to grant a hearing").
 {¶ 35} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." State v.Szefcyk, 77 Ohio St.3d 93, 96, 671 N.E.2d 233, 1996-Ohio-337, quoting State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. However, the presentation of competent, relevant, and material evidence outside the record may preclude the application of res judicata. State v. Lawson
(1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, citing Statev. Smith (1985), 17 Ohio St.3d 98, 101, fn. 1, 477 N.E.2d 1128. The evidence presented outside the record "must meet some threshold standard of cogency; otherwise it would be too easy to defeat the res judicata doctrine by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis[.]"Lawson at 315, 659 N.E.2d 362, citing State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811.
 {¶ 36} The Sixth Amendment right to effective counsel should be raised on appeal and cannot be re-litigated in a post-conviction petition if the basis for raising the issue of ineffective counsel is drawn from the record. State v. Lentz
(1994), 70 Ohio St.3d 527. In State v. Jackson (1980),64 Ohio St.2d 107, syllabus, the Supreme Court of Ohio held the following:
 {¶ 37} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.
 {¶ 38} "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See Rivera v. United States (C.A.9, 1963), 318 F.2d 606."
 {¶ 39} Because appellant's claims are based upon ineffective assistance of counsel, we will use the following standard set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990),497 U.S. 1011. Appellant must establish the following:
 {¶ 40} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 41} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 42} Upon review of the record, we agree with the trial court appellant's first and fourth claims for relief [the allied offenses of similar import argument] present issues which could have fairly been determined on direct appeal and without resort to evidence outside of the record. Therefore, said arguments are barred by the doctrine of res judicata.
 {¶ 43} Appellant's third and sixth claims for relief assert ineffective assistance of counsel in the appeal process. Upon review of the record, the trial court did not abuse its discretion in finding appellant did not demonstrate evidence trial counsel had been retained or appointed to appeal the convictions.
 {¶ 44} Appellant's second and fifth claims for relief assert trial counsel was ineffective for failing to fully investigate and prepare for trial. As stated above, in a petition for post-conviction relief asserting ineffective assistance of counsel, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and the defense was prejudiced by counsel's ineffectiveness. State v. Jackson
(1980), 64 Ohio St.2d 107. Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. Id. General conclusory allegations to the effect a defendant has been denied effective assistance of counsel are inadequate as a matter of law. Id.
 {¶ 45} A review of appellant's petition indicates appellant's second and fifth claims are based on matters outside of the record, and appellant has failed to attach any relevant evidence to his petition supporting these claims. His conclusory allegations are insufficient to warrant a hearing. Appellant has further failed to demonstrate he was unavoidably prevented from discovering his claims.
 {¶ 46} Based upon our analysis and disposition set forth above, we conclude the trial court did not abuse its discretion in denying appellant's motion for post-conviction relief without holding a hearing. Appellant's first, second, third, fourth, fifth, sixth and seventh assignments of error are overruled.
 {¶ 47} The March 7, 2006 Judgment Entry of the Stark County Court of Common Pleas denying appellant's petition for post-conviction relief is affirmed.
Hoffman, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.