[Cite as *State v. Johnson*, 2013-Ohio-1398.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12 CA 19 |
| MARVIN JOHNSON | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case No. 03 CR 116


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: April 1, 2013


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

DANIEL G. PADDEN                          KATHRYN L. SANDFORD
PROSECUTING ATTORNEY                      ASSISTANT PUBLIC DEFENDER
139 West 8th Street                        ALLEN M. VENDER
Post Office Box 640                        ASSISTANT PUBLIC DEFENDER
Cambridge, Ohio 43725                     250 East Broad Street, 14th Floor
                                           Columbus, Ohio 43215

*Wise, J.*

{¶1}    Appellant Marvin Johnson appeals from the denial of his petition for post-conviction relief subsequent to his convictions, in the Court of Common Pleas, Guernsey County, for aggravated murder, kidnapping, rape, and aggravated robbery. Appellant ultimately was sentenced to the death penalty. The relevant facts leading to this appeal are as follows.

{¶2}    On August 15, 2003, appellant violently attacked Daniel Bailey, the 13–year–old son of his former girlfriend, Tina Bailey, with a blunt instrument in the Bailey home in Cambridge, Ohio. After beating Daniel, appellant gagged and tied up the child, and then put him in the basement.

{¶3}    When Tina returned home from work, appellant forced her at knifepoint to perform oral sex. He promised he would call to tell her what he had done with Daniel. Appellant thereafter persuaded Tina to go to her bank, where she withdrew $1,000.00 at the drive-through window. Appellant then told Tina to go home. She found Daniel, gagged and bound, in the basement behind the washing machine. Daniel did not survive the attack.

{¶4}    On August 25, 2003, the Guernsey County Grand Jury indicted appellant on two counts of aggravated murder. Count 1 was charged pursuant to the felony-murder provision in R.C. 2903.01(B), and Count 2 was charged pursuant to the "prior calculation and design" provision in R.C. 2903.01(A). Each aggravated-murder count carried a death-penalty specification. The Grand Jury also indicted appellant for kidnapping, rape, and aggravated robbery. Following a jury trial commencing on May 10, 2004, appellant was convicted of all counts and specifications, and he was

subsequently sentenced to death. On December 13, 2006, the Ohio Supreme Court affirmed appellant's convictions and death penalty. See *State v. Johnson* (2006), 112 Ohio St.3d 210, 858 N.E.2d 1144, 2006-Ohio-6404.

{¶5}    On July 20, 2005, appellant filed a petition for post-conviction relief in the trial court. Appellant filed several amendments to the petition as well. On December 19, 2005, the trial court denied appellant's petition for post-conviction relief, as well as his corresponding motion to conduct discovery and request for an evidentiary hearing. Appellant filed an appeal with this Court; we affirmed the trial court's decision on April 10, 2007. See *State v. Johnson*, Guernsey App.No. 2006-CA-04, 2007-Ohio-1685.

{¶6}    On April 12, 2012, appellant filed a successive petition for post-conviction relief.[1] The trial court dismissed said petition on July 18, 2012.

{¶7}    On August 17, 2012, appellant filed a notice of appeal. He herein raises the following four Assignments of Error:

{¶8}    "I. THE TRIAL COURT ERRED WHEN IT DID NOT DECLARE R.C. §2953.21 AND 2953.23(A)(2) (SIC) CONSTITUTIONALLY INFIRM ON THEIR FACE AND AS APPLIED TO PETITIONER JOHNSON.

{¶9}    "II. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT APPELLANT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING.

{¶10}    "III. THE TRIAL COURT ERRED WHEN IT DENIED JOHNSON'S MOTION FOR LEAVE TO TO (SIC) CONDUCT DISCOVERY.

---

[1]   Appellant has also pursued federal habeas corpus relief, which is presently being held in abeyance. *See Johnson v. Bobby* (S.D. Ohio, Feb. 27, 2012), Case No. 2:08-CV-55, 2012-WL 628507.

{¶11}    "IV.    THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT FUNDING FOR NEUROLOGICAL TESTING."

I.

{¶12}    In his First Assignment of Error, appellant challenges the constitutionality of the post-conviction relief statutory scheme in R.C. 2953.21 and R.C. 2953.23(A)(1).

{¶13}    R.C. 2953.21 governs petitions for post-conviction relief. In particular, subsection (A)(2) states the following:

{¶14}    "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶15}    The requirement for second or successive petitions, as pertinent to the case sub judice, is detailed in R.C. 2953.23(A)(1), as follows:

{¶16}    "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain *** a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

{¶17}    "(1) Both of the following apply:

{¶18}   "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶19}   "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶20}   " ***."

{¶21}   Although not specifically couched as a constitutional argument, appellant, referencing the "may not entertain" language utilized in R.C. 2953.23(A), supra, first contends the trial court erred when it implicitly determined that it lacked discretion regarding application of the jurisdictional prerequisites set forth in the statute. However, in *In re Chambers*, Tuscarawas App.No. 2000AP080058, 2001 WL 278156, this Court succinctly recognized: "While the word 'may' generally implies discretion to do an act, we find no distinction between 'may not' and 'shall not' when the General Assembly uses the language to prohibit actions." As such, we find no merit in appellant's present claim in this regard.

{¶22}   Appellant next maintains that the statutory scheme set forth above violates the Supremacy Clause of the United States Constitution, the Separation of Powers

Doctrine, and the Due Course of Law and Open Courts provisions of the Ohio Constitution.

{¶23}     As recognized by the Ohio Supreme Court in *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 330 N.E.2d 8960, enactments of the Ohio General Assembly are presumed to be constitutional. In *State v. McGuire*, Preble App.No. CA2000-10-011, 2001 WL 409424, the Twelfth District Court of Appeals thoroughly reviewed these same three constitutional claims in a post-conviction relief appeal and rejected all of them. We herein adopt the basic rationale of the *McGuire* decision and likewise find no merit in appellant's above constitutional arguments as to R.C. 2953.21 and R.C. 2953.23(A)(1).

{¶24}     Appellant lastly maintains that the aforementioned post-conviction statutes are unconstitutional as applied, as the "clear and convincing" standard set forth therein is effectively a legislative attempt to deprive him of the utilization of established judicial standards of review. However, we find such conclusory allegations of inadequate review standards fail to demonstrate that Ohio's post-conviction relief scheme is unconstitutional as applied. See *State v. Gillard*, Stark App.Nos. 1997CA00318, 1997CA00410, 1998 WL 351442, citing *State vs. Sklenar* (1991), 71 Ohio App.3d 444, 449, 594 N.E.2d 88, and *State vs. Fox* (May 16, 1997), Wood App. No. WD-96-031.

{¶25}     Appellant's First Assignment of Error is therefore overruled.

II.

{¶26}     In his Second Assignment of Error, appellant contends the trial court erred in denying him post-conviction relief, or, at minimum, an evidentiary hearing on his petition. We disagree.

{¶27} An appellate court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. *State v. Volgares,* Lawrence App. No. 05CA28, 2006-Ohio-3788, ¶ 8, citing *State v. Gibson,* Washington App. No. 05CA20, 2005-Ohio-5353. However, "[i]t is well settled that the doctrine of res judicata applies in postconviction relief proceedings." *State v. Blalock,* Cuyahoga App.No. 94198, 2010–Ohio–4494, ¶ 19. Generally, the applicability of res judicata is a question of law, which an appellate court reviews de novo. *See EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 249, 841 N.E.2d 855, 2005–Ohio–5799. "Under Ohio law, the doctrine of res judicata is that an existing, final judgment or decree, rendered upon the merits and without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties or their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." *Hoff v. Brown,* Stark App. No. 2000CA00315, 2001 WL 876228, citing 63 Ohio Jurisprudence 3d (1985) 178–179, Judgments, Section 400.

{¶28} The Ohio Supreme Court has also recognized: "In postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor,* 112 Ohio St.3d 377, 388, 860 N.E.2d 77, 2006-Ohio-6679, ¶ 51. A petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Wilhelm,* Knox App.No. 05-CA-31, 2006-Ohio-2450, ¶ 10, citing *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. As an appellate court reviewing a trial court's decision in regard to the "gatekeeping" function in this context, we apply an abuse-of-discretion standard. *See*

*Gondor, supra*, at ¶ 52, citing *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905. Accord *State v. Scott,* Stark App.No. 2006CA00090, 2006-Ohio-4694, ¶ 34. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶29}** Appellant herein subdivides this assigned error into fourteen claims, which we summarize as follows:

**{¶30}** 1. Defense counsel's failure to object to the trial court's reading of all seven statutory mitigating factors to the jury at voir dire.

**{¶31}** 2. Defense counsel's failure to object to victim evidence, such as references to Daniel's hobbies and good grades, during opening statements and at trial.

**{¶32}** 3. Defense counsel's failure to object to and references made to appellant's criminal history at trial.

**{¶33}** 4. Defense counsel's failure to utilize a forensic pathologist as an expert witness at trial.

**{¶34}** 5. Defense counsel's failure to utilize a neuropsychologist during mitigation.

**{¶35}** 6. Defense counsel's failure to utilize a substance abuse expert during mitigation.

**{¶36}** 7. Defense counsel's failure to utilize an endocrinologist during mitigation regarding appellant's claimed diabetes issues.

**{¶37}** 8. Defense counsel's failure to utilize a cultural expert.

**{¶38}**      9. Defense counsel's alleged failure to "present competent psychological testimony."

**{¶39}**      10. Defense counsel's alleged failure to competently present family witnesses.

**{¶40}**      11. Defense counsel's failure to have appellant fully evaluated for competency.

**{¶41}**      12. Claim of a *Brady* violation.

**{¶42}**      13. Claim of a *Crawford* violation.

**{¶43}**      14. Claim of ineffective assistance of appellate counsel.

### *Claims 1, 2, 3, 9, and 11*

**{¶44}**      Our review of the procedural history of this matter reveals the Ohio Supreme Court previously addressed identical or substantially similar claims to numbers 1, 2, 3, 9, and 11. See the Supreme Court's 2006 *Johnson* opinion at ¶ 130, ¶ 139, ¶ 204, ¶ 136, ¶ 150, and ¶ 155.

**{¶45}**      "Res judicata bars a defendant who was represented by counsel from raising an issue in a petition seeking post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal." *State v. Aleshire*, Licking App.No. 2011–CA–99, 2012-Ohio-772, ¶ 21, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N .E.2d 233, 1996–Ohio–337. at the syllabus. Although appellant was permitted to represent himself during a portion of his trial, he was represented by counsel in his direct appeal to the Ohio Supreme Court. Therefore, we find res judicata applies to the aforesaid five claims.

<u>Claims 4, 5, and 6</u>

**{¶46}** In these claims, appellant contends that trial counsel was ineffective for failing to utilize additional or better medical or scientific expert assistance for his defense or case preparation. However, generally, " '[a] postconviction petition does not show ineffective assistance merely because it presents a new expert opinion that is different from the theory used at trial.'" *State v. White*, Ashland App.No. 97COA01229, 1998 WL 515944, quoting *State v. Combs* (1994), 100 Ohio App.3d 90, 103, 652 N.E.2d 205. Moreover, because appellant herein utilized a second post-conviction petition (in this case nearly eight years after his conviction), it is incumbent under R.C. 2953.23(A)(1)(a) that he demonstrate that he was "unavoidably prevented" from obtaining this information. Upon review, we find no error of law in the trial court's rejection of claims 4, 5, and 6.

<u>Claims 7, 8, and 10</u>

**{¶47}** In these claims, appellant again raises issues concerning the lack of certain defense experts on his behalf, in this instance to present medical and cultural testimony, as well as trial counsel's alleged failure to further utilize information or testimony from family members. However, this Court previously addressed identical or substantially similar claims in our redress of the appeal of appellant's first post-conviction petition. See *Johnson*, 2007-Ohio-1685, at ¶ 119, ¶ 105- ¶109, ¶ 96. "Res judicata applies to bar raising piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea." *State v. Kent,* Jackson App.No. 02CA21, 2003–Ohio–6156, ¶ 6.

**{¶48}** Accordingly, we find no error of law in the trial court's rejection of claims 7, 8, and 10.

<u>Claim 12</u>

**{¶49}** In his twelfth claim, appellant raises *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. In order to establish a *Brady* violation, a defendant must prove that the prosecution failed to disclose evidence upon request, the evidence was favorable to the defense, and the evidence was material. *State v. Garn* (Feb. 21, 2003), Richland App.No. 02CA45, ¶ 23, citing *Moore v. Illinois* (1972), 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706. However, a common pleas court may apply the doctrine of res judicata to dismiss a post-conviction claim when the claim presents a matter that could fairly have been determined without resort to evidence dehors the record. *See, e.g., State v. Dixon*, Richland App.No. 2004-CA-90, 2005-Ohio-2846, ¶ 27. While it appears that appellant's *Brady* violation allegation is partially based on a post-trial 2012 investigative interview with Mickey Alexander, a former cellmate who had given police information about appellant, we are unpersuaded that appellant was unavoidably prevented from obtaining the subsequent information from Alexander.

**{¶50}** Upon review, we find no error of law in the trial court's rejection of claim 12.

<u>Claim 13</u>

**{¶51}** Appellant next raises a claim of a confrontation violation pursuant to *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177. In *Crawford*, the United States Supreme Court held that under the Confrontation Clause, "testimonial" statements of a witness who does not appear at trial may not be admitted

or used against a criminal defendant unless the declarant is unavailable to testify and the defendant has had a prior opportunity for cross-examination. The *Crawford* decision was issued just shortly before appellant's trial in the case sub judice. Appellant filed his first post-conviction petition in July 2005, but his appeal thereof did not include any claims under *Crawford*. As such, we hold claim 13 is barred by the doctrine of res judicata.

### Claim 14

**{¶52}** In his last claim under this assigned error, appellant raises an allegation of ineffective assistance of appellate counsel. However, claims regarding ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings brought pursuant to R.C. 2953.21. *State v. Love*, Lake App.No. 2007-L-030, 2007-Ohio-6256, ¶ 18, citing *Morgan v. Eads,* 104 Ohio St.3d 142, 818 N.E.2d 1157, 2004-Ohio-6110, at ¶ 6.

**{¶53}** We therefore find no error of law in the trial court's rejection of claim 14.

**{¶54}** In conclusion, we find no error as a matter of law in the trial court's denial of appellant's successive petition for post-conviction relief, and we further find no abuse of discretion in the trial court's denial of a hearing thereon. Appellant's Second Assignment of Error is therefore overruled.

### III., IV.

**{¶55}** In his Third Assignment of Error, appellant contends the trial court erred in denying him post-conviction discovery. In his Fourth Assignment of Error, appellant contends the trial court erred in not granting him funding for neurological testing. We disagree on both counts.

{¶56}     In regard to the issue of discovery, it is well-established that the procedure to be followed in ruling on a post-conviction petition is established by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority in this realm. *See State v. Lundgren* (Dec. 18, 1998), Lake App. No. 97-L-110, quoting *State v. Lott* (Nov. 3, 1994), Cuyahoga App.Nos. 66388, 66389, 66390; *State v. Muff,* Perry App. No. 06-CA-13, 2006-Ohio-6215, ¶ 21. Appellant's claim as to discovery is thus without merit.

{¶57}     In regard to the appointment of an expert, we have previously recognized that such an appointment is not required if the trial court correctly determines that the allegations in a defendant's post-conviction motions do not warrant evidentiary hearings. *See State v. Lampley,* Richland App.No. 10-CA-106, 2011-Ohio-1204 ¶ 18. In light of our previous conclusions herein, we find no reversible error by the trial court concerning a post-conviction neurological expert.

{¶58}     Appellant's Third and Fourth Assignments of Error are overruled.

{¶59}     For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.


By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.



_____

_____

_____

                                        JUDGES

JWW/d 0305

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                     :
                                           :
-vs-                                       :              JUDGMENT ENTRY
                                           :
MARVIN JOHNSON                             :
                                           :
    Defendant-Appellant                    :              Case No. 12 CA 19


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Guernsey County, Ohio, is affirmed.

    Costs assessed to appellant.


                                          _____


                                          _____


                                          _____

                                                          JUDGES