[Cite as *State v. Lewis*, 2014-Ohio-2224.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-L-111** |
| JAMES J. LEWIS, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 08 CR 000764.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*James J. Lewis*, pro se, PID: A573284, Grafton Correctional Institution, 2500 South Avon Beldon Road, Grafton, OH 44044 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the Lake County Court of Common Pleas. Appellant James J. Lewis filed a petition for post conviction relief due to a possible violation of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013). The trial court denied the petition because it was not timely, and even if the petition was timely, there was no *Alleyne* violation and any possible *Alleyne* violations were barred by res judiciata. Lewis timely appeals. For the following reasons, we affirm.

{¶2} The facts of this case are laid out in *State v. Lewis*, 11th Dist. Lake No. 2009-L-138, 2010-Ohio-4288. In that decision, this court affirmed Lewis' convictions for operating a vehicle under the influence of alcohol, with a specification of five previous OVI convictions and two counts of aggravated vehicular assault. On January 19, 2011, the Supreme Court of Ohio declined jurisdiction over Lewis' appeal to that court.

{¶3} On August 26, 2013, Lewis filed a pro se motion for post conviction relief. In that motion he argued that *Alleyne* retroactively applied to his case. According to Lewis, at sentencing, the trial court made various findings required under R.C. 2929.14 to impose non-minimum consecutive sentences. He also claims the facts supporting these findings were never presented to the jury. Finally, he asserts that *Alleyne* requires the jury to make the requisite findings to support a sentencing enhancement under R.C. 2929.14.[1] On October 7, 2013 the trial court denied the petition. This appeal followed.

{¶4} As Lewis' assignments of error are intertwined, we will consolidate them in our review. In his two assignments of error, Lewis asserts that:

{¶5} "Whether a petition for post conviction relief asserting a claim of error under *Alleyne v. United States*, 131 S. Ct. 2151, 2013 U.S. Lexis 4543 (2013) relies on a '"new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,"' within the meaning of O.R.C. §2953.21, O.R.C. §2953.23.

{¶6} "Whether the new rule of constitutional law announced by [the] United States Supreme Court in *Alleyne v. United States* 131 S. Ct. 2141, 2013, U.S. Lexis

---

1. Lewis does not specify the findings the sentencing judge made that a jury had to determine in his particular case, and our review of the sentencing entry does not reveal that the sentencing judge made findings pursuant to R.C. 2929.14. Because resolution of this issue is immaterial to our decision, we decline to speculate as to what Lewis is referencing.

4542 (2012), was made retroactively applicable to petitioners seeking collateral review of their convictions."

**{¶7}** Although Lewis has narrowly styled his assignments of error, Lewis essentially advances the same arguments to us as he did to the trial court. Because courts should read pro se pleadings liberally, we will not confine ourselves solely to the issues raised in Lewis' assignments of error. *Rosen v. Chesler*, 9th Dist. Lorain No. 08CA009419, 2009-Ohio-3163, ¶12, quoting *Sherlock v. Myers*, 9th Dist. Summit No. 22071, 2004-Ohio-5178, ¶3. The state claims that Lewis is untimely with his petition and that in any event *Alleyne* is not retroactively applicable to those who seek post conviction relief.

**{¶8}** When a petition for post conviction relief is dismissed without a hearing, we use a de novo standard of review. *State v. Johnson*, 5th Dist. Guernsey No. 12 CA 19, 2013-Ohio-1398, ¶27. R.C. 2953.21(A)(2) requires that post conviction relief petitions be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." The transcript was filed with this court on November 20, 2009. Neither party contests that the 180 day window expired when Lewis filed this petition. Therefore, in order for the petition to be timely, an exception to the 180 day window must apply.

**{¶9}** R.C. 2953.23(A)(1) provides an exception for untimely post conviction relief petitions. It requires that a petitioner meet both parts of a two-prong test. The first prong requires that the petitioner was "unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or, after the 180 day window to present a petition expired, "the United States Supreme Court recognized

a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). The second prong requires that, in non-death penalty cases, the petitioner shows "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b).

{¶10} Neither party disputes that Lewis does not meet the first option in the first prong. As such, we will only concern ourselves with the second element of the first prong. To better understand our decision on the retroactivity of *Alleyne*, a brief history of its relationship to *Apprendi* is in order. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the U.S. Supreme Court held that if finding a particular fact increased the maximum sentence that could be imposed on the defendant, then this fact is an element of the offense that must be submitted to the jury. *Id.* at 483, fn. 10, 490. Consequently, the Supreme Court found that Apprendi's sentence has been unconstitutionally raised by a judge's finding that, based on a preponderance of the evidence, Apprendi's crime was racially motivated. *Id.* at 470, 491-92. In *Harris v. United States*, 536 U.S. 545 (2002), the Supreme Court declined to apply *Apprendi* to situations where a judge makes a factual finding that raises the minimum possible sentence, but does not raise the statutory maximum. In *Alleyne*, the Supreme Court overturned *Harris. Alleyne*, 133 S. Ct. at 2155. Therefore, findings of fact that increase the defendant's minimum possible sentence or raise an individual's maximum possible sentence now must be submitted to the jury to comply with the Sixth Amendment.

{¶11} Lewis does not submit any authority to us indicating that *Alleyne* should be retroactively applied. Accordingly, we conclude that Lewis cannot meet the

4

alternate part of the first prong, and therefore, his petition is not timely and without merit.  As the Seventh Circuit succinctly explained:

{¶12}  "The declaration of retroactivity must come from the Justices.  *See Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478, 162 L. Ed. 2d 343 (2005); *Tyler v. Cain*, 533 U.S. 656, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001).  The Court resolved *Alleyne* on direct rather than collateral review.  It did not declare that its new rule applies retroactively on collateral attack.

{¶13}  "*Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review.  *See Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004).  This implies that the Court will not declare *Alleyne* to be retroactive.  *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive).  But the decision is the Supreme Court's, not ours, to make.  Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on §2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. §2244(b)(2)(A)." *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

{¶14} Accordingly, the assignments of error are without merit. The judgment of the trial court is affirmed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.

5